UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT

| | | |
|---|---|---|
| DONALD ELLIS GLASS, JR. | ) | CASE NO. 3:23-CV-00087-GFVT |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| BRIDGEFIELD CASUALTY INSURANCE CO. | ) | |
| | ) | |
| INTERVENING PLAINTIFF | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| DANNY HERMAN TRUCKING, INC. | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| JOSHUA A. VAUTHIER | ) | |
| | ) | |
| DEFENDANTS | ) | |
| | ) | |

\* \* \* \* \*

**INTERVENING COMPLAINT**

Comes the Intervening Plaintiff, Bridgefield Casualty Insurance Co. (hereinafter "BCI"), by counsel, and with leave of Court, and for its claims and causes of action against the Defendant, Danny Herman Trucking, Inc., states and alleges as follows:

1. The Intervening Plaintiff, BCI, incorporates by reference, and includes as if fully set out herein, all of the allegations contained in the Complaint of the Plaintiff, Donald Ellis Glass, Jr., against the Defendant, Danny Herman Trucking, Inc. and Joshua Vauthier.

2. The Intervening Plaintiff, BCI, states that on the date and time of the accident from which this litigation arose, the Plaintiff, Donald Ellis Glass, Jr, was an employee of Grasslands Environmental, LLC.

3. The Intervening Plaintiff, BCI, states that on the date and time of the accident out of which this litigation arose, the Plaintiff, Donald Ellis Glass, Jr., was working within the course and scope of his employment with Grasslands Environmental, LLC.

4. The Intervening Plaintiff, BCI, states that on the date and time of the accident out of which this litigation arose, Grasslands Environmental, LLC had a policy of workers' compensation insurance through BCI, and that said policy of workers' compensation provided for payment of workers' compensation benefits payable to or on behalf of the employees of Grasslands Environmental, LLC including Plaintiff, Donald Ellis Glass, Jr.

5. That the above policy of workers' compensation insurance was in full force and effect on the date of the accident from which this litigation arose.

6. That the Plaintiff, Donald Ellis Glass, Jr., has made a claim upon BCI for workers' compensation benefits payable pursuant to Chapter 342, *et. seq.*, of the Kentucky Revised Statutes and pursuant to the policy of workers' compensation insurance referenced above.

7. As of this writing, the Intervening Plaintiff, BCI, has paid workers' compensation benefits to or on behalf of the Plaintiff, Donald Ellis Glass, Jr., in the total amount of at least $29,678.63 and said claim remains open at this time; therefore, BCI may be required to pay additional sums for such benefits in the future.

8. BCI is a real party-in-interest in this litigation because it is obligated to make and has made workers' compensation benefit payments to or on behalf of the Plaintiff, Donald Ellis

Glass, Jr., in place of the Employer, Grasslands Environmental, LLC thereby entitling it to recovery under KRS 342.700.

9. Pursuant to the provisions of KRS 342.700 and KRS 411.188, and all other aspects of statutory law, common law, and equity that may apply, the Intervening Plaintiff, BCI, is entitled to seek reimbursement from the Defendants, Danny Herman Trucking, Inc. and Joshua Vauthier, any and all sums, not to exceed the amount of workers' compensation benefits paid and payable to or on behalf of the Plaintiff, Donald Ellis Glass, Jr., under Chapter 342 of the Kentucky Revised Statutes. This includes but is not limited to any benefits that may be owed for any dates in the past, present and future under the claim, and/or any benefits that have been paid, or may be paid in the future, either voluntarily or under any award and/or settlement, and/or any amounts paid for waiver of potential future workers' compensation rights, and/or any amounts that may have initially been paid by another party but will eventually be subject to a lien and/or claim for payment by such other party against the Employer or BCI.

10. The Intervening Plaintiff, BCI, further asserts any and all common law and equitable bases for recovery of the payments it has made or may make in the future to or on behalf of the Plaintiff, Donald Ellis Glass, Jr.

**WHEREFORE**, the Intervening Plaintiff, BCI, by counsel, demands the following:

1. Judgment against the Defendant, Danny Herman Trucking, Inc. and Joshua Vauthier in the amount of $29,678.63 plus such additional sums as BCI will hereafter be required to pay to or for the benefit of the Plaintiff, Donald Ellis Glass, Jr., in workers' compensation benefits under Chapter 342 of the Kentucky Revised Statutes, including both cash recovery and credit against future workers' compensation benefits that may later become paid or payable;

2. All costs expended herein; and

3. All just and proper relief to which the Intervening Plaintiff may be entitled as a matter of law.

        Respectfully submitted,

*/s/Stanley S. Dawson*
Stanley S. Dawson
FULTON DEVLIN AND POWERS, LLC
1315 Herr Lane, Suite 210
Louisville, KY  40222
Telephone (Direct): (502) 813-7804
Facsimile (Direct): (502) 813-7821
SSD@FDP.legal
*Counsel for Intervening Plaintiff, Bridgefield Casualty Insurance Co.*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on March 8, 2024March 8, 2024, electronically with the clerk of the court by using CM/ECF system;, and by mailing and/or e-mailing a true copy hereofelectronically to the following:

Daniel E. Murner (dmurner@landrumshouse.com)
Elizabeth Winchell (ewinchell@landrumshouse.com)
Lacey Fiorella (lfiorella@landrumshouse.com)
Estee Rose (erose@landrumshouse.com)
Zonya Myers (zmyers@landrumshouse.com)
LANDRUM & SHOUSE LLP
P. O. Box 951
Lexington, KY 40588-0951
Counsel for Defendants,
Danny Herman Trucking, Inc.
Joshua A. Vauthier

Robert D. Walker, II (rob@colyerlawfirm.com)
COLYER LAW FIRM, PLLC
11921 Brinley Avenue, Suite 202
Louisville, KY 40243
Counsel for Plaintiff,
Donald Ellis Glass, Jr.

        /s/Stanley S. Dawson

STANLEY S. DAWSON

STANLEY S. DAWSON